IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD CHAPALONEY, JR.**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**ROSEBUD MINING COMPANY,**<br><br>Defendant. | Case No. 2:24-cv-00590<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMANDED**<br><br>**ELECTRONICALLY FILED** |

Plaintiff Edward Chapaloney, Jr. ("Plaintiff"), on behalf of himself and all others similarly situated, files this Class and Collective Action Complaint against Defendant Rosebud Mining Company ("Defendant"). Plaintiff alleges the following based upon personal knowledge as to his own acts, and based upon the investigation conducted by his counsel, as to other allegations, and states and alleges as follows:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Specifically, Plaintiff alleges that he and similarly situated coal miners were not paid for all time worked at the beginning and end of their shift, including for time spent donning and doffing required clothing and equipment that occurred when they were required to be on Defendant's premises and that was and is integral and indispensable to their principal activities of coal mining.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Potential Opt-In Plaintiffs").

3. Plaintiff also brings this case as a class action pursuant to Federal Rule of Civil Procedure 23 for Defendant's violations of the PMWA.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and Division, and a substantial part of the events giving rise to the claims occurred in this District and Division.

## PARTIES

6. Plaintiff is an adult individual residing in Hastings, Pennsylvania.

7. Defendant Rosebud Mining Company. ("RMC") is a Pennsylvania company that maintains its principal place of business at 301 Market St, Kittanning, Pennsylvania, 16201.

8. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt hourly employee.

9. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

10. At all relevant times, those similarly situated to Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

11. At all relevant times, Defendant is and was an employer within the meaning of 29 U.S.C. § 203(d).

12. At all relevant times, Defendant is and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. At all relevant times, those similarly situated to Plaintiff were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15. Plaintiff's written Consent to Join is filed in this Court at Exhibit A.

## FACTUAL ALLEGATIONS

16. RMC is a producer of low, mid, and high volatile metallurgical coals in Pennsylvania, and steam coals in Pennsylvania and Ohio.

17. At all relevant times, Defendant controlled the terms and conditions of employment for Plaintiff and other similarly situated employees. In doing so, Defendant is responsible for the human resource operations for Plaintiff and other similarly situated employees.

18. At all relevant times, Defendant suffered or permitted Plaintiff and other similarly situated employees to work for Defendant at its coal mines, and that work was for Defendant's benefit.

19. At all relevant times, the work performed by Plaintiff and other similarly situated employees was an integral part of Defendant's business.

20. At all relevant times, Plaintiff and other similarly situated employees worked for Defendant as hourly, non-exempt coal mining employees at Defendant's coal mines.

21. During their employment with Defendant, Plaintiff and other similarly situated employees regularly worked more than forty (40) hours per workweek.

22. Plaintiff and other similarly situated employees were required to be on Defendant's premises prior to and after their paid shifts.

23. Plaintiff and other similarly situated employees put on and take off their protective equipment and clothing at the mine.

24. At all relevant times, Defendant required Plaintiff and other similarly situated employees to wear safety clothing and other protective equipment, including but not limited to, reflective uniforms, helmets, and boots.

25. At all relevant times, Defendant required that Plaintiff and other similarly situated employees gather tools and equipment, including but not limited to, gas detectors, self-rescuers, radios, locators, and other various hand tools, that were required to perform their daily job duties. These tools and equipment were stored onsite at Defendant's premises.

26. At all relevant times, Defendant required that Plaintiff and other similarly situated employees don all their safety clothing and other protective equipment and gather all their tools and equipment before the start of their scheduled shifts.

27. At all relevant times, Defendant required that Plaintiff and other similarly situated employees doff all their safety clothing and other protective equipment and put away all their tools and equipment after the end of their scheduled shifts.

28. Donning and doffing of the safety clothing and other protective equipment and obtaining and returning the tools and equipment is integral and indispensable to the work performed by Plaintiff and other similarly situated employees.

29. The donning and doffing of safety clothing and other protective equipment and obtaining and returning the tools and equipment is a component of the work that Defendant hired Plaintiff and other similarly situated employees to do.

30. The donning and doffing of safety clothing and other protective equipment and obtaining and returning the tools and equipment by Plaintiff and other similarly situated employees is an intrinsic element of their activities and one in which they cannot dispense if they are to perform their principal activities.

31. Because the donning and doffing of the safety clothing and other protective equipment and obtaining and returning the tools and equipment is integral and indispensable to the work performed by Plaintiff and other similarly situated employees, the time they spent donning and doffing their safety clothing and protective equipment and obtaining and returning their tools and equipment is compensable work time within the meaning of the FLSA.

32. For example, because Plaintiff and those similarly situated performed work underground, a locator, self-rescuer, gas detector, and radio was needed. Likewise, Plaintiff's work could not be performed without the tools that he gathered at the beginning of the day and returned at the end of the day. And given the dangerous conditions inherent in underground mining the safety clothing and other protective equipment were essential.

33. The donning of the safety clothing and other protective equipment and obtaining the tools and equipment was the first principal activity of the day performed by Plaintiff and other similarly situated employees.

34. The doffing of the safety clothing and other protective equipment and returning the tools and equipment was the last principal activity of the day performed by Plaintiff and other similarly situated employees.

35. Plaintiff and other similarly situated employees were required to be on Defendant's premises to walk to and from the area where they donned and doffed their safety clothing and other protective equipment/ obtained and returned the required tools and equipment before and after their paid shifts.

36. Within the last three years, Plaintiff and other similarly situated employees were not paid for the time they spent donning their safety clothing and other protective equipment, obtaining and putting away their tools and equipment, and required walking on Defendant's premises before the start of shift.

37. Within the last three years, Plaintiff and others similarly situated were not paid for the time they spent doffing their safety clothing and other protective equipment and putting away their tools and equipment and required walking on Defendant's premises at the end of their shift.

38. Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the three years preceding the filing of this Action, including time spent donning and doffing safety clothing and other protective equipment and obtaining and putting away their tools and equipment, as well as associated walking.

39. Plaintiff and other similarly situated employees are not members of a union.

40. Defendant could have easily recorded and tracked the time that Plaintiff and other similarly situated employees spent performing the alleged work activities before and after their shift.

41. Thus, there was no administrative difficulty of recording the time that Plaintiff and other similarly situated employees spent donning and doffing their safety clothing and other protective equipment and obtaining and putting away their tools and equipment. Defendant chose not to do so.

42. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked as described above, Plaintiff and other similarly situated employees were not paid overtime compensation for all the hours they worked in excess of forty (40) each workweek.

43. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

44. The total amount of uncompensated time Plaintiff and other similarly situated employees spend before and after their shift is not insignificant for these workers, who work for hourly wages; and in the aggregate, Defendant saves significant sums of money by failing to pay for the time it requires employees to perform this required work on its premises. *See In re Amazon*, 255 A.3d 191 (Pa. 2021).

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct as described above and herein.

46. The collective that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows (the "Potential Opt-In Plaintiffs"):

> All current and former hourly employees Rosebud Mining Company at any time during the three (3) years preceding the date of the filing of this Action to the present and who worked more than forty (40) hours in at least one workweek.

47. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly

situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

48. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ALLEGATIONS

49. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of the following proposed class:

> All current and former hourly employees Rosebud Mining Company at any time during the three (3) years preceding the date of the filing of this Action to the present and who worked more than forty (40) hours in at least one workweek.

50. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

51. The class, upon information and belief, includes more than forty individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

52. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

53. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

54. Questions of law and fact are common to all class members, because, inter alia, this action concerns Defendant's common timekeeping, payroll, and compensation policies, as described

herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

55. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT ONE
### (FLSA Overtime Violations)

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. At all relevant times, Plaintiff and other similarly situated employees regularly worked more than forty (40) hours per workweek for Defendant.

58. The FLSA requires that Defendant pay their hourly non-exempt employees, including Plaintiff and other similarly situated employees, overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

59. Defendant did not pay Plaintiff and other similarly situated employees for the time they spent donning and doffing their safety clothing and other protective equipment, or for their associated walking on Defendant's premises.

60. Defendant did not pay Plaintiff and other similarly situated employees for the time they spent obtaining and putting away their tools and equipment, which were required for them to perform their job duties, or for their associated walking on Defendant's premises.

61. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time they spent donning and doffing safety clothing and other protective equipment, obtaining and putting away their tools and equipment, and for the associated walking on Defendant's

premises, resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

62. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

63. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (PMWA Overtime Violations)

64. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

65. Defendant is an employer covered by the PMWA's mandates.

66. Plaintiff and the class members are employees entitled to the PMWA's protections.

67. The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a). Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *See In re Amazon*, 255 A.3d 191 (Pa. 2021).

68. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

69. Defendant has violated the PMWA by failing to pay Plaintiff and other class members any compensation (including overtime premium compensation) for time they spent donning and doffing safety clothing and other protective equipment, obtaining and putting away their tools and equipment, and for the associated walking on Defendant's premises

## JURY DEMAND

70. Plaintiff demands a trial by jury on all eligible claims and issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a class action pursuant to Federal Rule Civil Procedure 23 on behalf of the class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to the FLSA, and the class;

D. Award actual damages for unpaid wages and prejudgment interest to the fullest extent permitted under law;

E. Award liquidated damages to Plaintiff and the Opt-Ins who join this case pursuant to the FLSA the maximum amount permitted by applicable law;

F. Award Plaintiff and the Opt-Ins who join this case pursuant to the FLSA and PMWA attorneys' fees, costs, and expenses; and,

G. Award additional relief as this Court deems just and proper.

| | |
|---|---|
| April 18, 2024 | Respectfully submitted,<br><br>**LICHTEN & LISS-RIORDAN, P.C.**<br><br>/s/ Sarah R. Schalman-Bergen<br>Sarah R. Schalman-Bergen<br>(PA Bar ID 206211)<br>Krysten L. Connon (*pro hac vice*)<br>Olena Savytska (*pro hac vice*)<br>**LICHTEN & LISS-RIORDAN, P.C.**<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>Telephone: (617) 994-5800<br>ssb@llrlaw.com<br>kconnon@llrlaw.com<br>osavytska@llrlaw.com<br><br>Shannon M. Draher<br>**NILGES DRAHER LLC**<br>7034 Braucher Street, NW, Suite B<br>North Canton, Ohio 44720<br>Telephone: 330-470-4428<br>Facsimile: 330-754-1430<br>Email: sdraher@ohlaborlaw.com<br><br>*Counsel for Plaintiff* |