## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**EDWARD CHAPALONEY, JR.**, on behalf of himself and all others similarly situated,

Plaintiff,

v.

**ROSEBUD MINING COMPANY**,

Defendant.

Case No. 2:24-cv-00590

## DEFENDANT ROSEBUD MINING COMPANY'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant Rosebud Mining Company ("Rosebud"), by and through its undersigned counsel, hereby answers the Class and Collective Action Complaint ("Complaint") filed by Edward Chapaloney, Jr. ("Plaintiff") and asserts affirmative and other defenses as follows:

## INTRODUCTION

1.      Rosebud admits that Plaintiff purports to "challenge[] Defendant's policies and practices that [he claims] violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq." Rosebud denies that it failed to pay Plaintiff and other hourly employees for "all time worked." The remaining allegations set forth in paragraph 1, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

2.      Rosebud admits that Plaintiff purports to "bring[] this case as an FLSA 'collective action' pursuant to 29 U.S.C.§216(b)" and "on behalf of himself and other 'similarly situated' persons who may join this case pursuant to § 216(b)." Rosebud denies that a collective action is

appropriate in this case, denies that Plaintiff's claims have merit, and denies that Plaintiff or any other Potential Opt-In Plaintiffs are entitled to any relief or damages in this matter.

3. Rosebud admits that Plaintiff purports to "brings this case as a class action pursuant to Federal Rule of Civil Procedure 23." Rosebud denies that a class action is appropriate in this case, denies that Plaintiff's claims have merit, denies that it violated the Pennsylvania Minimum Wage Act and denies that Plaintiff or any other putative class members are entitled to any relief or damages in this matter.

## JURISDICTION AND VENUE

4. The allegation set forth in paragraph 4 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

5. Rosebud admits that it is domiciled at 301 Market St, Kittanning, PA 16201, which is within the Western District of Pennsylvania. The remaining allegations set forth in paragraph 5 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

## PARTIES

6. Rosebud admits that its records reflect that Plaintiff is an adult individual who, while employed by Rosebud, resided in Hastings, Pennsylvania. Rosebud is without information sufficient to admit or deny the remaining allegation set forth in paragraph 6 relating to Plaintiff's present residence. Accordingly, that allegation is denied.

7. Rosebud admits that it is a Pennsylvania corporation with a registered address of 301 Market Street, Kittanning, Pennsylvania, 16201. The remaining allegations set forth in paragraph 7 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

8. Rosebud admits that its records reflect that, within three years preceding the filing of Plaintiff's Complaint, it employed Plaintiff, to whom it paid an hourly rate and whom it classified as a non-exempt employee.

9. The allegations set forth in paragraph 9 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

10. The allegations set forth in paragraph 10, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

11. The allegations set forth in paragraph 11 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

12. The allegations set forth in paragraph 12 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

13. The allegations set forth in paragraph 13 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

14. The allegations set forth in paragraph 14, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

15. Rosebud admits that Plaintiff attached as Exhibit A to his Complaint a document titled Consent to Join Pursuant to 29 U.S.C. § 216(b), which is a document that speaks for itself.

**FACTUAL ALLEGATIONS**

16.     Rosebud admits that it produces low, mid, and high volatile metallurgical coals in Pennsylvania, and steam coals in Pennsylvania and Ohio.

17.     Rosebud does not know what Plaintiff means by "human resource operations" and, therefore, is without sufficient information to admit or deny that allegation; to the extent that a response is deemed to be required, that allegation is denied.  The remaining allegations set forth in paragraph 17, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

18.     Rosebud admits that Plaintiff worked in its coal mines.  The remaining allegations set forth in paragraph 18, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

19.     The allegations set forth in paragraph 19, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

20.     Rosebud admits that its records reflect that it classified Plaintiff and others whom it employed as coal miners as non-exempt employees and paid them an hourly rate.  The remaining allegations set forth in paragraph 20, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.  The remaining allegations are denied.

21.     Rosebud admits that Plaintiff and others whom it employed as coal miners worked more than 40 hours per workweek in certain workweeks.  Rosebud does not know what Plaintiff means by "regularly" and, therefore, is without sufficient information to admit or deny the

allegations relating to that undefined term; to the extent that any response is deemed to be required, the allegation is denied. The remaining allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

22. The allegations set forth in paragraph 22, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

23. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied. Rosebud denies the remaining allegations set forth in paragraph 23.

24. Rosebud admits only that its employees performing work underground are required to wear a hardhat with reflective tape and steel-toed boots. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied. Rosebud denies the remaining allegations set forth in paragraph 24.

25. Rosebud admits that employees performing work underground are required to carry certain safety equipment while underground, including a radio/tracking device, proximity-detection device, a self-contained self-rescuer and (for some but not all) a multi-gas detector. Rosebud does not know what Plaintiff means by "other various hand tools" and, thus, is without sufficient information to admit or deny that allegation; to the extent that any response is deemed to be required, that allegation is denied. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response

is deemed to be required, that allegation is denied.  Rosebud denies the remaining allegations set forth in paragraph 25.

26.     The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.  Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied.  Rosebud denies any remaining allegations set forth in paragraph 26.

27.     The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.  Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied.  Rosebud denies any remaining allegations set forth in paragraph 27.

28.     Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied.  The remaining allegations set forth in paragraph 28, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

29.     Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied.  The remaining allegations set forth in paragraph 29, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

30.     Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied.  The remaining allegations set forth in paragraph 30, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

31.     Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied.  The remaining allegations set forth in paragraph 31, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

32.     Rosebud admits that employees performing work underground are required to possess certain safety equipment while underground, specifically a radio/tracking device,

proximity-detection device, a self-contained self-rescuer and (for some but not all) a multi-gas detector. Rosebud does not know what Plaintiff means generally by "safety clothing and other protective equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied. The remaining allegations set forth in paragraph 32 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

33. Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied. The remaining allegations set forth in paragraph 33, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

34. Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied. The remaining allegations set forth in paragraph 34, including that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

35. Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and,

therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied. The allegations that Plaintiff and others are "similarly situated" and that such individuals "were required to be on Defendant's premises," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied. Rosebud denies that any compensable work activity occurred outside of "paid shifts."

36. Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied. Rosebud denies the remaining allegation set forth in paragraph 36, specifically that Plaintiff or others were not paid for compensable work activity, because Rosebud compensated Plaintiff and others for no less than 30 minutes per day for time spent donning and doffing required safety gear, gathering and putting away tools and equipment, and for any associated walking on Rosebud's premises.

37. Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that

allegation is denied. Rosebud denies the remaining allegations set forth in paragraph 37, specifically that Plaintiff or others were not paid for compensable work activity, because Rosebud compensated Plaintiff and others for no less than 30 minutes per day for time spent donning and doffing required safety gear, gathering and putting away tools and equipment, and for any associated walking on Rosebud's premises.

38. Rosebud admits that Plaintiff and others whom it employed as coal miners worked more than 40 hours per workweek in certain workweeks during the three years preceding the filing of this Action. Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied. Rosebud denies the remaining allegations set forth in paragraph 38.

39. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied. Rosebud admits that it does not employ any union-represented workers.

40. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied. Rosebud denies the suggestion that its employees did not report, and/or were not ultimately paid for, compensable work activities, because Rosebud compensated Plaintiff and others for no less than 30 minutes per day for time spent donning and doffing required safety

gear, gathering and putting away tools and equipment, and for any associated walking on Rosebud's premises.  It denies the remaining allegations.

41.     Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied.  The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.  Rosebud denies the suggestion that its employees did not report, and/or were not ultimately paid for, compensable work activities.   It denies the remaining allegations.

42.     The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.  Rosebud denies the remaining allegations set forth in paragraph 42.

43.     The allegations set forth in paragraph 43 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

44.     The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.  Rosebud denies the remaining allegations, including specifically that Plaintiff or others worked "uncompensated time" outside of their shift, or that Rosebud "save[d] significant sums of money by failing to pay" employees for hours worked, because Rosebud compensated Plaintiff and others for no less than 30 minutes per day for time spent donning and

doffing required safety gear, gathering and putting away tools and equipment, and for any associated walking on Rosebud's premises.

## COLLECTIVE ACTION ALLEGATIONS

45.    Rosebud admits that Plaintiff purports to file his Complaint "on behalf of himself and all other similarly situated persons" but denies the remaining allegations, including that it engaged in "unlawful conduct," that a collective action is appropriate in this case, that Plaintiff's claims have merit, or that Plaintiff or any other purported opt-in are entitled to any relief or damages in this matter.

46.    Rosebud admits that Plaintiff purports to represent the putative collective defined in paragraph 46 of the Complaint, but denies that this matter is appropriate for collective-action treatment.  Rosebud denies any remaining allegations set forth in paragraph 46.

47.    The allegations set forth in paragraph 47, including the allegation that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

48.    Rosebud admits that it maintains records identifying current and former hourly employees who were employed by Rosebud during the three years preceding the filing of Plaintiff's Complaint.  The remaining allegations set forth in paragraph 48, including the allegation that Plaintiff and others are "similarly situated," state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied. The remaining allegations are denied.

## CLASS ALLEGATIONS

49.    Rosebud admits that Plaintiff purports to represent the putative collective defined in paragraph 49 of the Complaint, but denies that this matter is appropriate for class-action treatment.  Rosebud denies any remaining allegations set forth in paragraph 49.

50.     The allegations set forth in paragraph 50 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

51.     The allegations set forth in paragraph 51 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

52.     The allegations set forth in paragraph 52 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

53.     The allegations set forth in paragraph 53 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

54.     The allegations set forth in paragraph 54 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

55.     The allegations set forth in paragraph 55 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

**COUNT ONE**
**(FLSA Overtime Violations)**

56.     Rosebud incorporates by reference all preceding answers to the allegations in Plaintiff's Complaint.

57.     Rosebud admits that Plaintiff, and others whom it employed, worked more than 40 hours per workweek in certain workweeks during the three years preceding the filing of this

Action. Rosebud does not know what Plaintiff means by "regularly" and, therefore, is without sufficient information to admit or deny the allegations relating to that undefined term; to the extent that any response is deemed to be required, the allegation is denied. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied. The remaining allegations are denied.

58. The allegations set forth in paragraph 58 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

59. Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied. Rosebud denies the remaining allegations set forth in paragraph 59, specifically that Plaintiff or others were not paid for compensable work activity.

60. Rosebud does not know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that

allegation is denied. Rosebud denies the remaining allegations set forth in paragraph 60, specifically that Plaintiff or others were not paid for compensable work activity.

61.     Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied. The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied. Rosebud denies the remaining allegations set forth in paragraph 61, including specifically that Rosebud has a "practice and policy" of not paying Plaintiff or other hourly employees for all compensable hours worked.

62.     The allegation set forth in paragraph 62 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

63.     The allegation that Plaintiff and others are "similarly situated" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied. Rosebud denies the remaining allegations set forth in paragraph 63, specifically including that Rosebud has "practices and policies" of not paying Plaintiff or other hourly employees for all compensable hours worked.

### COUNT TWO
**(PMWA Overtime Violations)**

64.     Rosebud incorporates by reference all preceding answers to the allegations in Plaintiff's Complaint.

65. The allegation set forth in paragraph 65 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

66. The allegations set forth in paragraph 66 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

67. The allegations set forth in paragraph 67 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, those allegations are denied.

68. The allegation set forth in paragraph 68 states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied.

69. Rosebud does not know what Plaintiff means by "safety clothing and other protective equipment," nor does it know what Plaintiff means by "tools and equipment" and, therefore, is without sufficient information to admit or deny the allegations relating to those undefined terms; to the extent that any response is deemed to be required, those allegations are denied. The allegation that Plaintiff and others are "class members" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, that allegation is denied. Rosebud denies the remaining allegations set forth in paragraph 69, including specifically that Rosebud failed to pay Plaintiff and others compensation due to them for hours worked.

## JURY DEMAND

70. To the extent a response is deemed required to Plaintiff's "Jury Demand" paragraph, Rosebud admits that Plaintiff seeks a jury trial.

**RELIEF SOUGHT**

To the extent a response is required to Plaintiff's "Prayer for Relief," Rosebud admits only that Plaintiff seeks the relief described in paragraphs (A) through (G). Rosebud denies that a class or collection action is appropriate in this case, denies that any of Plaintiff's claims have merit, and denies that Plaintiff or any other putative class member or purported opt-in are entitled to any relief or damages whatsoever in this matter, including those set forth in subparagraphs (A) through (G). Rosebud denies the remaining allegations contained in Plaintiff's "Relief Sought" paragraphs. Rosebud further and specifically denies any allegations contained in Plaintiff's Complaint that are not specifically admitted above.

**AFFIRMATIVE AND OTHER DEFENSES**

Rosebud asserts the following affirmative and additional defenses to the Complaint, but does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted. Rosebud further asserts that it will rely upon all proper defenses lawfully available that may be disclosed by the evidence and reserves the right to seek leave to amend this Answer to state such defenses.

**First Defense**

The claims asserted by Plaintiff (and any purported opt-in or putative class member) fail, in whole or in part, because he cannot demonstrate facts sufficient to establish liability on the part of Rosebud under any theory stated in his Complaint.

**Second Defense**

The claims asserted by Plaintiff (and any purported opt-in or putative class member) fail as a matter of law to the extent barred, in whole or in part, by the applicable statute of limitations.

### Third Defense

The claims asserted by Plaintiff (and any purported opt-in or putative class member) fail as a matter of law because Rosebud timely paid all wages due under applicable laws.

### Fourth Defense

The claims asserted by Plaintiff (and any purported opt-in or putative class member) fail as a matter of law to the extent they are barred, in whole or in part, because some or all of these individuals lack standing to seek some or all of the requested relief.

### Fifth Defense

The claims asserted by Plaintiff (and any purported opt-in or putative class member) fail as a matter of law to the extent those claims demand compensation for time not considered "hours worked" as that term is defined under the Pennsylvania Minimum Wage Act at 34 Pa. Code § 231.1 or otherwise.

### Sixth Defense

The claims asserted by Plaintiff (and any purported opt-in or putative class member) fail as a matter of law, in whole or in part, as to all hours during which he was engaged in activities that were preliminary or postliminary to their principal activities.

### Seventh Defense

The claims asserted by Plaintiff (and any purported opt-in or putative class member) fail as a matter of law to the extent that any allegedly uncompensated time was spent engaged in activities for the convenience of the employee.

**Eighth Defense**

The claims asserted by Plaintiff (and any purported opt-in or putative class member) are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA and/or PMWA.

**Ninth Defense**

The claims asserted by Plaintiff (and any purported opt-in or putative class member) fail as a matter of law to the extent that any allegedly uncompensated time was spent engaged in activities that were not part of his duties or not otherwise for the benefit of Rosebud.

**Tenth Defense**

The claims asserted by Plaintiff (and any purported opt-in or putative class member) are barred, in whole or in part, to the extent they claim damages as to hours allegedly worked that Rosebud did not suffer or permit to be worked and/or about which Rosebud lacked actual or constructive knowledge.

**Eleventh Defense**

The claims asserted by Plaintiff (and any purported opt-in or putative class member) fail, in whole or in part, to the extent that his requested relief is not available in or is beyond those provided under the statutes pursuant to which he seeks relief.

**Twelfth Defense**

The claims asserted by Plaintiff (and any purported opt-in or putative class member) fail to the extent they claim an entitlement to unpaid overtime wages during any work week in which they worked less than forty (40) hours.

### Thirteenth Defense

The claims asserted by Plaintiff (and any purported opt-in or putative class member) are barred, in whole or in part, because Rosebud's policies, practices, and procedures were in accordance with applicable law(s).

### Fourteenth Defense

The claims asserted by Plaintiff (and any purported opt-in or putative class member) are barred, in whole or in part, to the extent that he violated practices and guidelines or performed work in violation of his superior's directives.

### Fifteenth Defense

The claims asserted by Plaintiff (and any purported opt-in or putative class member) are barred to the extent he waived and/or released the claims asserted in the Complaint.

### Sixteenth Defense

The claims asserted by Plaintiff (and any purported opt-in or putative class member) are barred, in whole or in part, because the discrete time intervals for which he is claiming entitlement to pay fall within the *de minimis* exception.

### Seventeenth Defense

The claims asserted by Plaintiff (and any purported opt-in or putative class member) are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, or set-off.

### Eighteenth Defense

The claims asserted by Plaintiff (and any purported opt-in or putative class member) fail, in whole or in part, because Rosebud paid hourly employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours

in the workweek, subject to all lawful exclusions and calculations under federal and Pennsylvania law.

### Nineteenth Defense

Plaintiff is not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because Plaintiff is not similarly situated to potential opt-ins.

### Twentieth Defense

Plaintiff is not entitled to certification under Fed. R. Civ. P. 23 because he cannot satisfy the requirements for bringing a class action and he cannot adequately represent the interests of potential class members.

### Twenty-First Defense

Plaintiff is not entitled to certification under Fed. R. Civ. P. 23 because the purported class, as defined in the Complaint, is unmanageable.

### Twenty-Second Defense

Plaintiff's attempt to pursue this case as a collective and/or class action fails because an independent and individual analysis of Plaintiff's claims and the claims of any putative or opt-in plaintiff(s) and each of Rosebud's defenses is required.

### Twenty-Third Defense

Plaintiff's attempt to pursue this case as a collective and/or class action fails because he is not similarly situated to any putative class members or potential opt-ins.  In particular, during certain periods of his employment, Plaintiff was not responsible for underground coal mining and, for that reason, was not subject to the same safety and other obligations as other hourly employees responsible for underground coal mining.

**Twenty-Fourth Defense**

Plaintiff's attempt to pursue this case as a collective or class action violates Rosebud's constitutional rights to a jury trial and due process.

**Twenty-Fifth Defense**

Rosebud acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff (and any purported opt-in or putative class member).

**Twenty-Sixth Defense**

The claims asserted by Plaintiff (and any purported opt-in or putative class member) are barred, in whole or in part, and/or recovery is precluded or limited because any conduct of Rosebud was not willful.

**Twenty-Seventh Defense**

The FLSA claims asserted by Plaintiff (and any purported opt-in or putative class member) are barred, in whole or in part, by application of the 29 CFR § 785.47, otherwise known as the de minimis exception.

**Twenty-Eighth Defense**

The claims asserted by Plaintiff (and any purported opt-in or putative class member) are barred, in whole or in part, because Rosebud compensated Plaintiff and others for no less than 30 minutes per day for time spent donning and doffing required safety gear, obtaining and putting away tools and equipment, and for any associated walking on Rosebud's premises.  To the extent that time spent engaged in such activities is deemed to be compensable under the FLSA and/or PMWA, Rosebud has paid employees for such time and therefore owes no additional wages under any theory set forth in Plaintiff's Complaint.

Date: May 20, 2024

**JONES DAY**

/s/ *James S. Urban*
James S. Urban (Pa. I.D. 82019)
Katherine McLay (Pa. I.D. 320191)
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939
jsurban@jonesday.com
kmclay@jonesday.com

*Counsel for Defendant*
*Rosebud Mining Company*