IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ED CHAPALONEY**, on behalf of himself and others similarly situated, | ) Case No. 2:24-cv-00590-CB |
| Plaintiff, | ) Judge Cathy Bissoon |
| vs. | ) |
| **ROSEBUD MINING COMPANY,** | ) |
| Defendant. | ) |

### ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT

**AND NOW**, this **1st day of July, 2025**, upon consideration of Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement ("Motion"), the accompanying Settlement Agreement ("Settlement Agreement"), the accompanying memorandum of law and supporting declarations, and all other papers and proceedings herein, it is hereby **ORDERED** that the Settlement Agreement is **APPROVED** and Motion is **GRANTED** as follows:

1. The Court has jurisdiction over the claims asserted in the Action and over the Parties to the Action.

2. The Court preliminarily approved the Settlement Agreement that is the subject of this Motion by Order entered on February 7, 2025 (the "Preliminary Approval Order"). ECF No. 38. A copy of the Settlement Agreement was attached as an exhibit to Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement, and it is incorporated in this Final Approval Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Settlement Agreement.

3. The Court determines that notice was given as required by the Preliminary Approval Order. The Court finds that the Notice given of the proposed settlement was the best practical notice under the circumstances. The Notice provided fair and adequate notice of the terms of the Settlement Agreement, the Final Approval Hearing, and the Settlement Class Members' right to exclude themselves from the settlement or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. In addition, the notice requirements of the Class Action Fairness Act of 2005 has been satisfied.

5. Zero Settlement Class Members have validly excluded themselves from the settlement, and zero individuals have objected to the settlement.

6. On July 1, 2025, the Court conducted a Final Approval Hearing to consider final approval of the Settlement Agreement and during which the opportunity to be heard was given to all persons requesting to be heard regarding the settlement in this case.

7. The Court has considered all matters submitted to it at the Final Approval Hearing and otherwise, the pleadings on file, the applicable law, and the record. The Court approves the Settlement Agreement, including its release of claims, and finds that it:

    a. is fair, just, reasonable and adequate to, and in the best interest of, the Plaintiff and the Settlement Class Members;

    b. demonstrates a good faith intention by the Parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future;

        c. achieves a definite and certain result for the benefit of the Plaintiff and the Settlement Class Members that is preferable to continuing litigation that would necessarily include substantial risk (including the risk of loss on the merits), uncertainty, delay, and cost;

8. The Court finally certifies the following Settlement Class pursuant to Federal Rule of Civil Procedure 23:

All current or former hourly employees of Defendant who engaged in underground mining in Pennsylvania at any time during the period of April 18, 2021, to October 18, 2024.

9. The Court finally appoints Plaintiff Ed Chapaloney as the Class Representative of the Settlement Class defined in paragraph 14(y).

10. The Court finally appoints Lichten & Liss-Riordan, P.C. and Nilges Draher LLC as Class Counsel for the Settlement Class.

11. Class Counsel's request for attorney's fees in the amount of one third of the Gross Settlement Amount, or $866,667.00, and costs not to exceed $25,000 are approved, to be paid out of the Gross Settlement Amount.

12. The Court approves the service award payment to the Plaintiff in the amount of $10,000.00. in recognition of his services as representative of the Settlement Class and in addition as exchange for his broader release of claims than the members of the Settlement Class, to be paid out of the Gross Settlement Amount.

13. The Court approves payment to the Settlement Administrator, Analytics Consulting, in an amount not to exceed $12,000.00 to be paid out of the Gross Settlement Amount.

14. This Order constitutes final approval of the Settlement Agreement. Upon its Effective Date, this Settlement Agreement is binding on the Parties and on all

members of the Participating Settlement Class.  By operation of the Settlement Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Settlement Agreement or those non-waivable by law, Plaintiff and Participating Settlement Class Members hereby irrevocably and unconditionally forever, finally, and fully release Defendant and all Released Parties from any and all Released Claims in accordance with the terms of the Settlement Agreement.  Plaintiff and the Participating Settlement Class Members are forever barred from asserting any claims released by them in this Settlement, and from commencing, joining in, or prosecuting a lawsuit or adversarial proceeding against Defendant or any of the Released Parties, based on claims released by them in this Settlement, including as a class member.

15. The Settlement Agreement shall be administered in accordance with its terms. Without affecting the finality of this Order, the Court retains jurisdiction with respect to the interpretation, implementation, administration and enforcement of the terms of the Settlement and all matters ancillary thereto.

16. The Settlement Agreement reflects a reasonable compromise of a *bona fide* dispute.

17. The findings and rulings in this Final Approval Order are made for the purposes of settlement only.  Nothing in the Settlement Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, of any fault or wrongdoing whatsoever.

18. This Final Approval Order and the Settlement Agreement are binding on Plaintiffs and Settlement Class Members.

19. For good cause shown, this Civil Action is **DISMISSED IN ITS ENTIRETY, ON THE MERITS, AND WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, without costs to any party except to the extent otherwise expressly provided in the Settlement Agreement.

**IT IS SO ORDERED.**

s/Cathy Bissoon
**Cathy Bissoon**
**United States District Judge**